DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| O'REILLY PLUMBING AND CONSTRUCTION, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) Civil Action No. 2019-0024 |
| LIONSGATE DISASTER RELIEF, LLC, WITT O'BRIEN, APTIM ENVIRONMENTAL AND INFRASTRUCTURE, INC., and AECOM, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**Appearances:**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Lionsgate Disaster Relief, LLC,**
    *No Entry of Attorney Appearance*

**Adam G. Christian, Esq.,**
**Sofia L. Mitchell, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant Witt O'Brien*

**Alex M. Moskowitz, Esq.,**
**Lisa Michelle Komives, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant APTIM Environmental*
    *and Infrastructure, Inc.*

**G. Alan Teague, Esq.,**
**Michelle T. Meade, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant AECOM*

## **MEMORANDUM OPINION**

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Plaintiff's "Motion for Remand for Lack of Subject Matter Jurisdiction" ("Motion for Remand") (Dkt. No. 21) and Defendant AECOM's Opposition thereto (Dkt. No. 26). For the following reasons, the Court will deny Plaintiff's Motion for Remand.

### I.   BACKGROUND

On April 8, 2019, Plaintiff commenced this action in the Superior Court of the Virgin Islands. (Dkt. No. 1-1). Pursuant to 28 U.S.C. § 1441, Defendant AECOM removed the action from the Superior Court based on alleged federal subject matter jurisdiction under 28 U.S.C. § 1332, asserting that complete diversity of citizenship exists between Plaintiff and Defendants. (Dkt. No. 1 at 2-3). Plaintiff then moved to remand, arguing that "Defendant [AECOM] has not satisfied the requirement of complete diversity, although its Notice improperly claims that diversity is satisfied." (Dkt. No. 21 at 3). Defendant AECOM opposes Plaintiff's Motion for Remand. (Dkt. No. 26).

While Plaintiff does not contest that the damages requested exceed the statutory $75,000 amount in controversy required for diversity jurisdiction under 28 U.S.C. § 1332(a) (Dkt. No. 21), Plaintiff challenges Defendant AECOM's assertion that complete diversity between the parties exists. *Id*. Specifically, Plaintiff takes issue with the fact that "Defendant AECOM provided no corresponding affidavits or any other factual evidence to support [the] alleged diversity of citizenship." *Id*. at 4. Plaintiff asserts that Defendant AECOM has failed to meet its burden of proving that diversity of citizenship exists by a preponderance of the evidence. *Id*. at 3-4.

Defendant AECOM opposes Plaintiff's Motion for Remand, arguing that it met its burden in establishing subject matter jurisdiction on the face of its Notice of Removal. (Dkt. No. 26 at 3-

4). Defendant contends that none of the cases cited by Plaintiff support its assertion that "failure to provide an affidavit with a notice of removal is grounds for remand." *Id*. at 4. Defendant AECOM also attaches sworn affidavits to its Opposition "in an abundance of caution" to support its allegation that the parties are completely diverse. *Id*. at 6.

## II. DISCUSSION

For the following reasons, the Court finds that Plaintiff's Motion for Remand is without merit and will be denied.

First, there is no requirement that a defendant attach evidence to its notice of removal to establish that diversity of citizenship exists. A defendant seeking removal need only provide a "notice of removal . . . containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446; *Lewis v. Rego Co.*, 757 F.2d 66, 69 (3d Cir. 1985) (concluding that it was sufficient to establish diversity jurisdiction by alleging that a defendant was not a citizen of the same state as the plaintiff); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, (2014) (finding that a defendant does not need to attach evidence to a removal notice to prove that the amount in controversy is sufficient). Thus, the Court finds that Plaintiff's argument that the Court must remand the case because Defendant AECOM "failed" to attach evidence to its Notice of Removal is without merit.

Second, the Court finds that Plaintiff's Motion for Remand is not a legitimate facial or factual challenge to Defendant AECOM's Notice of Removal. "Because a motion to remand shares an essentially identical procedural posture with a challenge to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), it is properly evaluated using the same analytical approach." *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 811 (3d Cir. 2016). "A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack—as it is denominated—challenges the

3

sufficiency of the jurisdictional allegations in the notice of removal on their face. *Petruska v. Gannon University*, 462 F.3d 294, 302, n.3 (3d Cir. 2006). When considering a facial attack, a court must accept the allegations contained in the notice of removal as true. *Id*. In contrast, a factual attack disputes "the factual allegations underlying the . . . assertion of jurisdiction," and involves the presentation of competing facts. *Davis*, 824 F.3d at 346. When a party challenges the factual existence of diversity jurisdiction, the party asserting jurisdiction is required to prove by a preponderance of the evidence that diversity of citizenship exists. *Lincoln Ben. Life Co. v. AEI Life*, LLC, 800 F.3d 99, 105 (3d Cir. 2015)

Here, Plaintiff concedes that the Notice of Removal asserts that diversity is satisfied—listing each state of which Defendants are citizens according to the Notice. (Dkt. No. 21 at 3-4). Thus, Plaintiff has not challenged the sufficiency of the allegations in Defendant AECOM's Notice of Removal and therefore has not made a facial challenge. *Petruska*, 462 F.3d at 302, n.3. Instead, Plaintiff asserts that the Notice "*improperly* claims that diversity is satisfied." (Dkt. No. 21 at 3) (emphasis added). However, Plaintiff does not present any competing facts in its Motion for Remand, and therefore does not make a factual challenge either. *Davis*, 824 F.3d at 346. While a factual challenge would have triggered Defendant AECOM's burden of proving diversity of citizenship by a preponderance of the evidence—and thus would have required Defendant AECOM to include evidence in its Opposition, *Lincoln Ben. Life* Co., 800 F.3d at 105—the absence of such a challenge absolves Defendant AECOM of that responsibility. Thus, the Court finds that Plaintiff's Motion for Remand is not a legitimate facial or factual attack, and that Defendant AECOM is correct in its assertion that it was not required to attach evidence to its Opposition.

Third, the Court finds that Defendant AECOM has, in fact, met its burden for purposes of removal of showing that the Court has federal subject matter jurisdiction over this matter. Pursuant to 28 U.S.C. 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." For a removal predicated upon diversity of citizenship, a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties—that is, every plaintiff must be of diverse citizenship from every defendant. 28 U.S.C. § 1332(a); *see also Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003).

A notice of removal must allege the underlying facts supporting each of the requirements for removal jurisdiction. *In re Commonwealth's Motion to Appoint Counsel Against or Directed to Def. Ass'n of Philadelphia,* 790 F.3d 457, 466 (3d Cir. 2015), *as amended* (June 16, 2015) (citing *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014)). Defendant AECOM's Notice of Removal satisfies this requirement by first alleging that the damages requested exceed the statutory $75,000 amount in controversy required for diversity jurisdiction under 28 U.S.C. § 1332(a). (Dkt. No. 1 at 2). Specifically, Defendant AECOM alleges that the damages exceed the amount statutorily required because Plaintiff's Complaint asserts "claims which may amount to fraud, a taxpayer suit, tortious interference with a contract and breach of contract" and requests compensatory and punitive damages. *Id*. Defendant AECOM then alleges that Plaintiff's citizenship is the U.S. Virgin Islands and that Defendants' citizenships are Delaware, Louisiana, Texas, Nevada, California, and Puerto Rico. (Dkt. No. 1 at 2-3). Because Defendant AECOM has alleged that no Defendant is a

5

citizen of the U.S. Virgin Islands, Defendant AECOM has successfully alleged that diversity of citizenship exists. *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006).

The absence of any requirement to attach evidence to Defendant AECOM's Notice of Removal together with the absence of any legitimate facial or factual attack to Defendant AECOM's properly pleaded Notice of Removal are sufficient grounds upon which to deny Plaintiff's Motion for Remand.[1]  Thus, the Motion for Remand will be denied.

### III.   CONCLUSION

Based on the foregoing, the Court finds that Plaintiff's Motion for Remand lacks merit because Defendant AECOM was not required to attach evidence to its Notice of Removal. Further, Defendant AECOM was not required to prove diversity jurisdiction by a preponderance of the evidence because Plaintiff did not make a factual challenge to the Notice of Removal. Lastly, the Court finds that the allegations in Defendant AECOM's Notice of Removal are sufficient to withstand Plaintiff's conclusory challenge. Thus, the Court will deny Plaintiff's Motion for Remand.

An appropriate Order accompanies this Memorandum Opinion.

Date:   September 30, 2020

_____/s/_____
WILMA A. LEWIS
Chief Judge

---

[1] While the Court concludes that no additional evidence was needed to satisfy the jurisdictional prerequisites, the Court notes that Defendant AECOM's Opposition provides evidence in the form of affidavits in support of its jurisdictional allegations. Thus, even if additional evidence was needed, it has been provided. The fact that Defendant AECOM's Opposition adds the citizenships of Florida and New York does not alter the Court's finding because the record still establishes that complete diversity of citizenship exists. (Dkt. No. 26).