| | |
|---|---|
| **DISTRICT COURT OF THE VIRGIN ISLANDS** **DIVISION OF ST. CROIX** | |
| O'REILLY PLUMBING AND CONSTRUCTION, INC., <br><br> Plaintiff, <br><br> v. <br><br> LIONSGATE DISASTER RELIEF, LLC, WITT O'BRIEN'S, LLC, APTIM ENVIRONMENTAL AND INFRASTRUCTURE, LLC, and AECOM, <br><br> Defendants. <br> _____ | 1:19-cv-00024 |

TO:   Lee J. Rohn, Esq.
      Adam G. Christian, Esq.
      Sofia L. Mitchell, Esq.
      Alex M. Moskowitz, Esq.
      Lisa Michelle Komives, Esq.
      G. Alan Teague, Esq.
      Michelle T. Meade, Esq.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff O'Reilly Plumbing and Construction, Inc.'s ("O'Reilly") Motion for Extension of Time (ECF No. 23); Defendant Witt O'Brien's, LLC's ("WOB") Motion to Strike First Amended Complaint (ECF No. 32), O'Reilly's Opposition to Witt O'Brien's Motion to Strike First Amended Complaint (ECF No. 37), and Defendant Witt O'Brien's, LLC's Reply in Support of its Motion to Strike First Amended Complaint (ECF No. 43).

*O'Reilly Plumbing and Construction, Inc. v. Lionsgate Disaster Relief, LLC, et al.*
1:19-cv-00024
Memorandum Opinion and Order
Page 2

## I. BACKGROUND

This matter came to the Court on removal from the Superior Court of the Virgin Islands (ECF No. 1). On May 30, 2019, WOB moved to dismiss for failure to state a claim (ECF No. 9). On June 13, 2019, Lionsgate Disaster Relief, LLC ("Lionsgate") also moved to dismiss for failure to state a claim (ECF No. 17). Then on June 18, 2019, AECOM moved to dismiss on the same ground (ECF No. 18). A few days later, O'Reilly filed a motion to remand for lack of subject matter jurisdiction (ECF No. 21).

On July 8, 2019, O'Reilly moved for an extension of time to amend its complaint, claiming that Fed. R. Civ. P. 15(a)(1)(B) would entitle it "to automatically file a First Amended Complaint by" July 8, 2019, "within 21 days of service of Defendant AECOM's Rule 12(b) motion to dismiss" (ECF No. 23 at 1). O'Reilly requested an extension to amend its complaint up to July 19, 2019 because AECOM also "requested an extension up to July 19, 2019 to oppose Plaintiff's" motion to remand, and "decision on that issue will determine the appropriate forum that will hear this case and is critical to the pleading standards that will govern Plaintiff's complaint." *Id*. at 1.

Nearly a few months later and before the Court decided the motion for extension of time to amend the complaint, O'Reilly filed a First Amended Complaint (ECF No. 27). Defendants did not respond. WOB then moved to strike the First Amended Complaint (ECF No. 32). Recently, the District Judge denied O'Reilly's motion to remand for lack of subject matter jurisdiction (ECF No. 56). O'Reilly's motion for extension of time to amend the

*O'Reilly Plumbing and Construction, Inc. v. Lionsgate Disaster Relief, LLC, et al.*
1:19-cv-00024
Memorandum Opinion and Order
Page 3

complaint (ECF No. 23) and WOB's motion to strike the First Amended Complaint (ECF No. 32) are now before the Magistrate Judge.

## II.  THE PARTIES' POSITIONS

O'Reilly moves for an extension of time to amend its complaint under Fed. R. Civ. P. 6(b) ("FRCP 6(b)") (ECF No. 23 at 1).[1] O'Reilly states that all defendants have moved to dismiss its complaint removed from the Superior Court of the Virgin Islands on the ground that it does not comply with federal pleading standards. *Id.* at 1. O'Reilly asserts that it would be entitled to file an amended complaint as a matter of course by July 8, 2019, within 21 days that AECOM filed its motion to dismiss. *Id.* But now that AECOM requests an extension up to July 19, 2019 to oppose O'Reilly's motion for remand, O'Reilly also requests an extension of time up to the same day because the motion for remand will decide the forum and the appropriate pleading standards of its complaint. *Id.* O'Reilly argues that if the Court denies the motion to remand, it should be allowed to amend the complaint as a matter of course in order to comply with federal pleading standards. *Id.* at 3.

On September 4, 2019, O'Reilly filed the First Amended Complaint ("FAC"), which it previously sought permission to do as of right through a motion for extension of time.

---

[1] Under FRCP 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time:
    (a)  with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
    (b)  on motion made after the time has expired if the party failed to act because of excusable neglect."
Fed. R. Civ. P. 6(b)(1)(A).

*O'Reilly Plumbing and Construction, Inc. v. Lionsgate Disaster Relief, LLC, et al.*
1:19-cv-00024
Memorandum Opinion and Order
Page 4

O'Reilly did not file a motion explaining its reasons—or seeking leave—for amending its complaint before this Court decides its motion for extension of time.

WOB moves to strike O'Reilly's FAC for several reasons. First, O'Reilly's FAC violates Rule 15(a) because its amendment was untimely under subsection (1), and it neither sought written consent by opposing parties nor leave of court to file out-of-time required under subsection (2) (ECF No. 32 at 2-4). Second, O'Reilly violates Local Rules of Civil Procedure ("LRCi") 15.1 by failing to include with its FAC the entire pleading specifically delineating the changes or additions. *Id*. at 4-5. Third, failure to follow FRCP 15(a) and LRCi 15.1 justify striking the FAC.

O'Reilly opposes the motion to strike on several grounds. First, WOB waives objections to the FAC because it did not oppose the motion for extension of time to amend the complaint (ECF No. 37 at 1). Second, WOB has not stated why the Court should strike an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter from the FAC as required under Fed. R. Civ. P. 12(f) ("FRCP 12(f)"). *Id*. at 2-4.[2] Third, WOB does not provide a factual basis why the Court should exercise its inherent powers to strike the FAC. *Id*. at 4-5. Fourth, O'Reilly's FAC was timely filed within 21 days of AECOM filing its motion to dismiss, and defendants did not oppose its motion for extension of time to amend the complaint. *Id*. at 5. Additionally, in a case with multiple defendants, FRCP 15 should be interpreted to allow amending the complaint as a matter of course to respond to

---

[2] Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

*O'Reilly Plumbing and Construction, Inc. v. Lionsgate Disaster Relief, LLC, et al.*
1:19-cv-00024
Memorandum Opinion and Order
Page 5

all preliminary motions to dismiss per defendant. *Id*. at 6.[3] Fifth, O'Reilly cures its failure to provide a red-lined version of its complaint specifically delineating changes or additions to its FAC when it submitted its "Notice of Filing Mark-Up to First Amended Complaint" on October 1, 2019, nearly a month after submitting its FAC (*see* ECF No. 34). *Id*. at 8-9. Sixth, in the alternative, O'Reilly seeks leave to amend its complaint. *Id*. at 10.

WOB replies with several points. First, WOB has not waived its right to oppose the FAC, and instead the FAC is not properly before the Court (ECF No. 43 at 1-2). Second, WOB properly moves to strike the FAC because O'Reilly violates the federal rules of civil procedure and local rules of civil procedure; the Court cannot, *inter alia*, determine the futility of an amendment if the FAC is not properly before the Court. *Id*. at 2. Third, O'Reilly erroneously requests leave to amend its complaint in its opposition because it has not formally attached a proposed amended complaint and a red-lined version to its FAC as required by LRCi 15.1. *Id*. at 9.

### III.   DISCUSSION

#### A. The Motion for Extension of Time to File a First Amended Complaint was Untimely

At the crux of this dispute, the Court must decide whether O'Reilly timely filed its motion for extension of time to amend the complaint. Under FRCP 15(a), "[a] party may amend its pleading once as a matter of course within: 21 days after serving it, or if the

---

[3] In other words, defendants should be treated separately under FRCP 15. *Id*. at 8.

*O'Reilly Plumbing and Construction, Inc. v. Lionsgate Disaster Relief, LLC, et al.*
1:19-cv-00024
Memorandum Opinion and Order
Page 6

pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),(e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)–(B). When an amendment is not filed as of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

In *Codrington v. Arch Specialty Ins. Co.*, this Court relied on a federal district court case from Maryland to reject the argument that "in a multi-defendant case [...], any time any defendant were to file an answer or a Rule 12 motion to dismiss, [the plaintiffs] would have a new opportunity to amend their pleading once as a matter of course." *Codrington*, No. 1:19-cv-00026, 2020 U.S. Dist. LEXIS 14720, at *4 (D.V.I. Aug. 14, 2020) (citing *Logue v. Patient First Corp.*, 246 F. Supp. 3d 1124, 1126 (D. Md. 2017)) (internal citations omitted). This Court followed persuasive authority from the federal court in Maryland because to do otherwise would allow Plaintiffs "to amend their complaint *ad infinitum* as new defendants are added and [to] file new Rule 12 pleadings." *Id.* at 4. This Court admonished that "in complex multi-defendant litigation, there must be some semblance of organization and predictability on the docket so as to maintain the integrity of the lawsuit." *Id.*

Absent contrary guidance from the Third Circuit Court of Appeals, this Court sees no reason to depart from *Codrington*. The Court takes a moment to expand on the principles set forth in *Codrington*. Comments to the 2009 amendments to FRCP 15 state:

> The 21-day period to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not

*O'Reilly Plumbing and Construction, Inc. v. Lionsgate Disaster Relief, LLC, et al.*
1:19-cv-00024
Memorandum Opinion and Order
Page 7

>cumulative. If a responsive pleading is served after one of the designated motions is served, for example, *there is no new 21-day period*.

*Schwab v. Ingels*, No. 18-2488-DDC-GEB, 2020 WL 2037049, at *4 (D. Kan. Apr. 28, 2020) (citing Fed. R. Civ. P. 15 advisory committee's note to 2009 amendment) (emphasis added). A federal court in Florida rejected a request from plaintiffs to amend a complaint because "filing of a separate motion to dismiss from other Defendants [did not] renew the twenty-one day clock[;] it is clear that the twenty-one day clock is not cumulative." *Rubenstein v. Keshet Inter Vivos Trust*, No. 17-61019-Civ-WILLIAMS/TORRES, 2017 U.S. Dist. LEXIS 222899, at *9-10 (S.D. Fla. Oct. 18, 2017) (relying on Fed. R. Civ. P. 15 advisory committee's 2009 note). "'The twenty-one day period to amend as a matter of course begins on the date of the earliest defensive action.'" *Id*. at 10. "The court believes this interpretation best will secure 'the just, speedy, and inexpensive determination of every action and proceeding.'" *Schwab*, 2020 WL 2037049, at *4 n.5 (citing Fed. R. Civ. P. 1).

Here, the earliest defensive action occurred when WOB moved to dismiss on May 30, 2019. The later defensive actions occurred on June 13, 2019 when Lionsgate moved to dismiss, followed by AECOM on June 18, 2019. Consistent with the principles above, the twenty-one-day period to amend as a matter of course under FRCP 15(a)(1) began after WOB moved to dismiss on May 30, 2019. O'Reilly moved for an extension of time on July 8, 2019, past the twenty-one-day period to amend as a matter of course. There is no doubt that O'Reilly's motion for extension of time was filed beyond the twenty-one-day period to file as a matter of course, making the motion untimely.

*O'Reilly Plumbing and Construction, Inc. v. Lionsgate Disaster Relief, LLC, et al.*
1:19-cv-00024
Memorandum Opinion and Order
Page 8

Since O'Reilly moved for an extension of time past the twenty-one-day period, the only way to amend its complaint was through consent of the opposing parties or leave of court under FRCP 15(a)(2). O'Reilly neither obtained consent of the parties nor leave of court to file an amended complaint under FRCP 15(a)(2), and its motion for extension of time cannot be construed as a motion for leave.[4]

Accordingly, the Court must deny the motion for extension of time (ECF No. 23) because it constitutes an untimely request to file an amended complaint as a matter of course. This finding is consistent with the plain language of the Fed. R. Civ. P. 15 advisory committee's 2009 note, as well as with the spirit of FRCP 1 to secure "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.[5]

### B. The First Amended Complaint is Procedurally Defective Because it was Filed Out-of-Time, Without Consent of the Opposing Parties, and Without Leave of Court

The next quandary for the Court to examine is the filing of the FAC. O'Reilly filed the FAC on September 4, 2019, nearly 2 months after moving for an extension of time to file as a matter of course. Now that the Court has determined that the

---

[4] O'Reilly states that it sought leave to amend the complaint, but its motion for extension of time to amend its complaint as of course cannot be construed as request for leave to amend its complaint (*see* ECF No. 37 at 9 & n.7 ("These cases are additionally distinguishable because no motion for leave to amend the complaint was ever made unlike our case...."; "In *Noels*, unlike our case, the plaintiff never sought leave from the Court to amend the complaint.")). Presumably, O'Reilly referred to leave that it would request in a later page of the opposition, but the Court construes these representations earlier in its opposition as potential mischaracterizations. Even if these representations did not constitute mischaracterizations, as will be discussed *infra*, seeking leave of court to amend a complaint in an opposition is improper.
[5] Because it is clear that the FAC is not properly before this Court (*see* ECF No. 43 at 1-2), it is unnecessary to entertain the merits of O'Reilly's argument that WOB waives objections to the FAC because it did not oppose the motion for extension of time (ECF No. 37 at 1).

*O'Reilly Plumbing and Construction, Inc. v. Lionsgate Disaster Relief, LLC, et al.*
1:19-cv-00024
Memorandum Opinion and Order
Page 9

motion for extension was untimely filed as of July 8, 2020, it follows that the FAC was also untimely filed. As the Court stated above, the only way to amend the complaint as of July 8, 2020 was through consent of the opposing parties or leave of court under FRCP 15(a)(2). Two months later, the same cardinal rule would apply. Since O'Reilly failed to seek consent from the opposing parties or leave of court as required under FRCP 15(a)(2), the filing of the FAC violates FRCP 15(a)(2).

### C. O'Reilly Violates Local Rules of Civil Procedure 15.1 and its Later Filing Does Not Cure the Breach of LRCi 15.1

The Court must next address whether O'Reilly violates LRCi 15.1. LRCi 15.1 states:

> A party who moves to amend a pleading shall file the amendment with the motion. Except as otherwise ordered by the Court, any amendment to a pleading, whether filed as of course or upon a motion to amend, must reproduce the entire pleading as amended specifically delineating the changes or additions and may not incorporate any prior pleadings by reference. A proffered amended pleading must note prominently on the first page the numbered amendment it represented; i.e., 1st, 2nd, 3rd amendment, etc.

LRCi 15.1. The FAC did not include the entire pleading specifically delineating the proposed changes or additions, so the filing violates LRCi 15.1.

Even if the FAC did include the entire pleading with delineated changes and additions, this action would not have saved O'Reilly because the FAC was filed out-of-time and without consent of the opposing parties or leave of court. Therefore, we reject the argument by O'Reilly that it cures its failure to provide a red-lined version

*O'Reilly Plumbing and Construction, Inc. v. Lionsgate Disaster Relief, LLC, et al.*
1:19-cv-00024
Memorandum Opinion and Order
Page 10

of its complaint specifically delineating changes or additions with its FAC when it submitted its "Notice of Filing Mark-Up to First Amended Complaint" (ECF No. 34) nearly a month after submitting its FAC (ECF No. 37 at 8-9).

### D. Requesting Leave to Amend a Complaint in an Opposition is Improper

The Court must address whether requesting leave to amend a complaint in an opposition is proper, and, if so, whether the Court may allow O'Reilly to amend its complaint.

The Third Circuit Court of Appeals has analogized to a case where Plaintiffs stated a conclusory request for leave to amend in its opposition, and found that a conclusory remark did not constitute a motion to amend because it "deemed fatal the fact that, like appellants [in its case], plaintiffs [in that case] did not provide the District Court with a proposed amended complaint." *Ranke v. Sanofi-Synthelabo*, 436 F.3d 197, 206; *see also Brooks-McCollum v. Emerald Ridge Service Corp.*, 563 Fed. App'x. 144, 147-48 (3d Cir. 2014), *cert. denied*, 574 U.S. 824 (2014) (denying "leave to amend because [plaintiff] failed to comply with D. Del. Local Rule 15.1, which requires that a draft of the proposed amended complaint be submitted with the motion.").

The Eleventh Circuit Court of Appeals has also found a request for leave in an opposition improper. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1222 (11th Cir. 1999) ("Where a request for leave to file an amended complaint simply is imbedded

Case: 1:19-cv-00024-WAL-GWC Document #: 61 Filed: 11/02/20 Page 11 of 13

*O'Reilly Plumbing and Construction, Inc. v. Lionsgate Disaster Relief, LLC, et al.*
1:19-cv-00024
Memorandum Opinion and Order
Page 11

within an opposition memorandum, the issue has not been raised properly."); *see also Anil Enters. v. Getty Petroleum Mktg.*, No. 07-3688, 2008 U.S. Dist. LEXIS 66172, at *4 (finding it procedurally improper to turn an opposition to a motion for summary judgment into a motion for leave to amend under FRCP 15(a)).

Here, O'Reilly requests in its opposition, through three and a half pages of briefing, leave to amend if the Court considers the FAC out-of-time as a matter of right, so its request for leave to amend is not conclusory. Still, since O'Reilly sought leave to amend in its opposition, as well as without a proposed amendment specifically delineating proposed changes or additions, its attempt to request leave is procedurally improper. If O'Reilly wants this Court to entertain a motion for leave to amend a complaint, it must follow the tenets of FRCP 15 and LRCi 15.1. *See Francis v. United States Immigration and Naturalization Service*, No. 2007-71, 2008 WL 1757917, at *1 (D.V.I. Apr. 15, 2008) ("[A]ll litigants in this Court must know and follow both the Federal and Local Rules of Civil Procedure.").

### E. The First Amended Complaint Constitutes a Nullity Which Justifies Granting the Motion to Strike

Now that the Court has determined that the FAC was filed out-of-time and without leave, it must lastly determine whether to grant WOB's motion to strike. Under FRCP 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "While a motion to strike is generally viewed with disfavor and should b[e] used

*O'Reilly Plumbing and Construction, Inc. v. Lionsgate Disaster Relief, LLC, et al.*
1:19-cv-00024
Memorandum Opinion and Order
Page 12

sparingly, use of Rule 12(f) is appropriate [when] to hold otherwise would be to essentially ignore Fed. R. Civ. P. 15(a) and the requirement that a plaintiff seek leave before amending its complaint." *U.F.C.W. Local 56 Health and Welfare Fund v. J.D.'s Market*, 240 F.R.D. 149, 154 (D. N.J. 2007) (internal quotation marks and citation omitted).

A federal court in the Central District of California entertained a matter where the plaintiff filed an amended complaint after being served with two motions to dismiss. *Mnatsakanyan v. Goldsmith & Hull APC*, No. 12-04358, 2013 U.S. Dist. LEXIS 189379, at *6-7 (C.D. Cal. Jan. 22, 2013). The Court determined that since the plaintiff filed the amended complaint out-of-time and without leave of court, it was "a nullity," and granted the defendant's motion to strike. *Id.* at 7. After granting the motion to strike, the court deemed the original complaint as the operative complaint. *Id.*

This Court finds that since the FAC was filed out-of-time and without consent of the opposing parties, it constitutes "a nullity." *See Mnatsakanyan*, 2013 U.S. Dist. LEXIS 189379, at *7.[6] Refusing to grant WOB's motion to strike "would be to essentially ignore Fed. R. Civ. P. 15(a) and the requirement that a plaintiff seek leave before amending its complaint." *See U.F.C.W. Local 56 Health and Welfare Fund*, 240

---

[6] Despite O'Reilly's argument that WOB has not stated why the Court should strike an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter from the FAC as required under FRCP 12(f) (ECF No. 37 at 2-4), this Court finds enough authority to strike the FAC.

*O'Reilly Plumbing and Construction, Inc. v. Lionsgate Disaster Relief, LLC, et al.*
1:19-cv-00024
Memorandum Opinion and Order
Page 13

F.R.D. at 154. Accordingly, the Court strikes O'Reilly's FAC, rendering the original complaint as the operative complaint. *See Mnatsakanyan*, 2013 U.S. Dist. LEXIS 189379, at *7.[7]

    WHEREFORE, it is now **ORDERED**:

    O'Reilly's Motion for Extension of Time (ECF No. 23) is **DENIED**.

    WOB's Motion to Strike First Amended Complaint (ECF No. 32) is **GRANTED**.

    ENTER:

Dated: November 2, 2020

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
MAGISTRATE JUDGE

---

[7] The decision today does not preclude O'Reilly from filing a motion for leave to amend its original complaint, but it must follow FRCP 15(a)(2) and LRCi 15.1 if it chooses to do so.