## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| O'REILLY PLUMBING AND CONSTRUCTION, INC., <br><br> Plaintiff, <br><br> v. <br><br> LIONSGATE DISASTER RELIEF, LLC, WITT O'BRIEN, APTIM ENVIRONMENTAL AND INFRASTRUCTURE, INC., and AECOM, <br><br> Defendants. | D.V.I. Case No. 1:19-CV-24 <br> (Removal from Superior Court Case No. SX-19-CV-161) <br><br> **ACTION FOR DAMAGES** <br><br> <u>JURY TRIAL DEMANDED</u> |

## **FIRST AMENDED COMPLAINT**

Plaintiff, **O'REILLY PLUMBING AND CONSTRUCTON, INC.**, by and through undersigned counsel, and files his Complaint against Defendants **LIONSGATE DISASTER RELIEF, LLC, WITT O'BRIEN, APTIM ENVIRONMENTAL AND INFRASTRUCTURE, INC., and AECOM**, and alleges the following:

1. This Court has jurisdiction over this matter pursuant to 4 V.I.C. § 76.

2. Plaintiff, O'Reilly Plumbing and Construction, Inc., is a Virgin Islands corporation, doing business in the U.S. Virgin Islands, and a V.I. tax payer.

3. Defendant, Lionsgate Disaster Relief, LLC, is a limited liability corporation out of Puerto Rico during business in the U.S Virgin Islands.

4. Defendant, Witt O'Brien, is, upon information, a limited liability corporation with its corporate office in Washington, DC, but which performs work and earns income in the U.S. Virgin Islands.

**LEE J. ROHN AND ASSOCIATES, LLC**
1108 King St, Ste 3
Christiansted, VI 00820
Tel: 340.778.8855
Fax: 340.773.2954
lee@rohnlaw.com

O'Reilly Plumbing and Construction, Inc. v. Lionsgate Disaster Relief, D.V.I. Case No. 1:19-Cv-0024
**FIRST AMENDED COMPLAINT**
Page 2

5. Defendant, APTIM Environmental and Infrastructure, Inc., is, upon information, a corporation out of Louisiana that performs work in the U. S. Virgin Islands.

6. Defendant, AECOM, upon information, is a company incorporated in Delaware with its principle place of business in Washington DC that performs work in the U.S. Virgin Islands.

7. Defendant, Witt O'Brien, entered into a Contract for Professional Services ("WOB Contract") with the Virgin Islands Housing Finance Authority (VIHFA), to help manage federal funds allocated to the Virgin Islands for Hurricane Maria home repairs. www.vihfa.gov/disaster-recovery/contracts

8. Pursuant to the WOB Contract, Witt O' Brien assumed the duty to ensure that the records of time and/or money expended are "precise" and "documented." WOB Contract, at ¶ 4, "Records"

9. The WOB Contract also recognizes WOB's liability for damages for negligence, and that WOB is required to indemnify VIHFA and the Government, for "any negligence, (whether active, passive, sole, concurrent or gross"), and for (breach of duty (whether statutory, contractual, or otherwise), for "any other fault of consultant or any other person or entity, and regardless of whether the claim is based in contract, tort, strict liability or otherwise." WOB Contract at ¶10 "Liability and Indemnification"

10. The WOB Contract states that WOB's limitation of liability as to certain types of damages and cap on potential damage amounts "shall not apply if the liability is based on fraud or willful misconduct." WOB Contract at ¶10 "Liability and Indemnification"

O'Reilly Plumbing and Construction, Inc. v. Lionsgate Disaster Relief, D.V.I. Case No. 1:19-Cv-0024
**FIRST AMENDED COMPLAINT**
Page 3

11. WOB warrants under the WOB Contract that it shall not "make or present any claim upon or against VIPFA or the Government, or any officer, department, board, commission, or other agency thereof, knowing such claim to be false, fictitious, or fraudulent." WOB Contract at ¶23 "False Claims"

12. WOB also has a duty under the WOB Contract to "perform the Services utilizing the standard of care normally exercised by professional consulting firms in performing comparable services under similar conditions, and to require the maintenance of such standards by any employee or contractor employed by it to perform services hereunder." WOB Contract, Addendum I Scope of Services at ¶ D "Consultant's Responsibilities"

13. Defendant, Witt O'Brien's Senior Manager Director, Brad Gair, testified on April 2, 2019, before the V.I. Committee of Finance, that WOB "coordinates the construction activities of the two prime construction management contractors, AECOM and APTIM, who assist WOB in running the disaster recovery program.

14. Witt O' Brien's Brad Gair testified that WOB also "reviews invoices submitted by AECOM and APTIM on behalf of themselves and their subcontractors for accuracy, eligibility and cost reasonableness."

15. Defendants Witt O'Brien, AECOM and APTIM have a long history of working together after windstorm disasters, coordinating and managing recovery efforts, and making substantial income as a result of contracts paid by federal funds.

O'Reilly Plumbing and Construction, Inc. v. Lionsgate Disaster Relief, D.V.I. Case No. 1:19-Cv-0024
**FIRST AMENDED COMPLAINT**
Page 4

16. Defendants Witt O'Brien, AECOM and APTIM have a history of overpriced contracts and poor contract performance, including, but not limited to negligent hiring and retention of contractors to perform recovery work.

17. One such contractor Defendants Witt O' Brien, AECOM and APTIM negligently hired and retained is Lionsgate.

18. In October 1, 2018, Plaintiff met with Defendant Lionsgate's part owner because Defendant Lionsgate wanted Plaintiff to agree to be a subcontractor to deliver supplies to the various work sites.

19. Plaintiff agreed to perform the services for pay from Defendant Lionsgate.

20. Almost immediately thereafter, Defendant Lionsgate "recommended" Plaintiff hire men from Puerto Rico to work for Plaintiff, in order for Plaintiff to continue to do the work. Defendant Lionsgate represented those men were good workers.

21. Plaintiff reluctantly hired the men, had to pay to fly the 7 of them over from Puerto Rico, give them a place to live, pay them $17.25 an hour plus $33.00 per day in per diem.

22. The workers were not good workers as represented by Defendant Lionsgate and were a waste of money, but Plaintiff could not fire them due to the insistence of Defendant Lionsgate.

23. Plaintiff began doing the delivery work on October 4, 2018, at the agreed payment of 0.65 per square foot of lumber delivered for Defendant Lionsgate.

24. In reliance on the agreement, Plaintiff had to obtain a lay down yard for the lumber, hire seventeen workers to sort materials and do other jobs, and acquire equipment

O'Reilly Plumbing and Construction, Inc. v. Lionsgate Disaster Relief, D.V.I. Case No. 1:19-Cv-0024
**FIRST AMENDED COMPLAINT**
Page 5

to load and unload the lumber, which consisted of three fork lifts, and acquire and clean a warehouse at Villa La Reine.

25. It soon became clear that the 0.65 a square foot was insufficient for the costs to Plaintiff and the parties agreed to increase the amount to $3.00 per foot.

26. Defendants' procedure involved sending a material list to Plaintiff, which material was to be delivered to AECOM's storage facility at Sunshine Mall, where APTIM would then obtain and use the materials.

27. APTIM would also have the blue prints for the work evidencing the square footage of the lumber required.

28. While the material list listed the correct amount of materials as evidenced by the blue prints, Plaintiff discovered that the invoices Defendant Lionsgate was providing to him only listed about one half the materials picked up and delivered by Plaintiff.

29. Plaintiff discovered this when he began to see blue prints on the job site on November 29, 2018.

30. Plaintiff complained that the invoices were incorrect to all Defendants, and that Plaintiff was being defrauded through Lionsgate's improper, low-balling invoices, resulting in reduced payments for Plaintiff's deliveries.

31. Defendants, Witt O'Brien, AECOM and APTIM had a duty to Plaintiff through the WOB Contract and by WOB's own admission that it oversees and coordinates with AECOM and APTIM the accuracy of the submitted invoices, to investigate Plaintiff's complaint.

O'Reilly Plumbing and Construction, Inc. v. Lionsgate Disaster Relief, D.V.I. Case No. 1:19-Cv-0024
**FIRST AMENDED COMPLAINT**
Page 6

32. None of the Defendants investigated Plaintiff's complaint that Plaintiff was being defrauded by Lionsgate, and by extension by Witt O'Brien, AECOM and APTIM, who approved the fraudulent invoices.

33. On December 1, 2018, in retaliation for Plaintiff's complaint, Defendant Lionsgate Chief Operations Officer, Chris Clark, informed Plaintiff, that Plaintiff's trucks were going to be loaded by Lionsgate employees from now on and that Plaintiff's contract was unilaterally decreased to $1.00 a foot.

34. The retaliatory breach of contract was ratified and approved by Defendants, Witt O'Brien, AECOM and APTIM, who were obligated to oversee and coordinate the subcontractors, such as Lionsgate.

35. Plaintiff put an associate in Lionsgate's office to oversee what was going on.

36. Thereafter, about a week later, a meeting was called with APTIM, Witt O'Brien, Commissioner Griffith from Virgin Islands Housing Finance Authority and Frankie Johnson from Government House.

37. Lionsgate locked Plaintiff out of the office.

38. In further retaliation for Plaintiff's complaints, Lionsgate moved to a new office and obtained its own warehouse, equipment and man power to move the lumber that Plaintiff was supposed to be moving, thereby breaching its contract with Plaintiff, which was ratified and approved by Defendants, Witt O'Brien, AECOM and APTIM.

39. Lionsgate then called Plaintiff's employees and hired them away from Plaintiff.

40. Lionsgate called the Puerto Rican workers, that it had required Plaintiff to hire, to come to an emergency meeting the next day at Lionsgate's new warehouse.

O'Reilly Plumbing and Construction, Inc. v. Lionsgate Disaster Relief, D.V.I. Case No. 1:19-Cv-0024
**FIRST AMENDED COMPLAINT**
Page 7

41. Lionsgate informed those workers that they now worked for Lionsgate and several of Plaintiff's employees went to work for Lionsgate, thereby preventing Plaintiff from conducting further work under the contract.

42. APTIM admitted that it, as well as AECOM and Witt O'Brien, had control over Lionsgate, and agreed to research the situation to obtain the correct amount of square footage Plaintiff should have been paid for, and to otherwise remedy the illegal and improper actions of Lionsgate.

43. On December 8, 2018, there was a follow up meeting with Plaintiff and APTIM at APTIM's office with the Project Manager, "Lisa" and the Assistant Project Manager, Michael Svitz.

44. Plaintiff showed APTIM, who was acting on behalf of itself and Defendants, AECOM and Witt O'Brien, the documents that revealed that the square footage in the blue prints and material orders was half as large as what was on the invoice to pay Plaintiff.

45. Svitz of APTIM represented that APTIM, on behalf of the Defendants, would investigate further and requested Plaintiff provide the invoices.

46. On December 10, 2018, Plaintiff provided those invoices and refrained from doing anything further as he relied upon the Defendants' promise and obligation to produce accurate invoices so that he would be properly remunerated.

47. Plaintiff had invoiced Defendants $250,000 to mobilize, to perform the work, and obtain the equipment.

O'Reilly Plumbing and Construction, Inc. v. Lionsgate Disaster Relief, D.V.I. Case No. 1:19-Cv-0024
**FIRST AMENDED COMPLAINT**
Page 8

48. Defendants used the complex, multi-subcontracting arrangements that Defendants Witt O'Brien, AECOM and APTIM, had implemented, to manipulate and mislead Plaintiff into believing that they would remedy the fraudulent invoices.

49. Instead, APTIM took over the contract Plaintiff had with Lionsgate and now does business with Lionsgate, which the other Defendants ratified.

50. Witt O'Brien cautioned Plaintiff to stay away from Lionsgate and represented Defendants were working together to resolve the issues and compensate Plaintiff.

51. When Lionsgate vacated its office, it had leased from Mr. Brown, it did so in the dead of night owing Mr. Brown rent.

52. Lionsgate did not move Plaintiff's belongings at the same time, such that they were locked in the office without Plaintiff having access to them for a period of time.

53. Defendants Witt O' Brien, AECOM and APTIM failed to properly investigate subcontractor Lionsgate before hiring it, failed to terminate Lionsgate services after being notified that Lionsgate was defrauding Plaintiff, and knowingly created an unsafe environment of allowing subcontractors such as Lionsgate to commit fraud, while continuing to pay Lionsgate despite knowing that Lionsgate was retaining funds owed to Plaintiff.

54. Defendants Witt O' Brien, AECOM and APTIM have failed to check business licenses of the many layers of subcontractors hired to do the full scope of work that AECOM and APTIM were hired to do.

O'Reilly Plumbing and Construction, Inc. v. Lionsgate Disaster Relief, D.V.I. Case No. 1:19-Cv-0024
**FIRST AMENDED COMPLAINT**
Page 9

55. All the Defendants conspired together in providing inaccurate invoices defrauding Plaintiff and all V.I. taxpayers, as these false invoices caused territorial funds to be wrongfully disbursed.

56. While APTIM, on behalf of all Defendants, received Plaintiff's invoices and provided Plaintiff with purchase orders showing how much funds Lionsgate owed Plaintiff, APTIM, AECOM and Witt O'Brien failed to withhold those funds to be paid to Plaintiff.

57. Upon Information, Defendants AECOM, APTIM and Witt O'Brien received similar complaints from others that put them on notice that they had negligently hired, and retained Lionsgate, but failed to terminate Lionsgate.

58. Defendant Witt O'Brien's failed to properly review and oversee the invoices and failed to require the maintenance of a standard of care by any employee or contractor employed by it to perform services under the WOB Contract. As a third-party beneficiary of the WOB Contract, Plaintiff has suffered damages due to Witt O'Brien's breach of that contract.

59. Plaintiff has suffered economic damages, loss of contracts for payment of funds, and other damages.

## COUNT I
### Negligent Hiring & Retention
### (as to Defendants WOB, AECOM, APTIM)

60. The Plaintiff sets forth paragraphs 1 through 59 as if fully set forth herein.

61. Defendants Witt O'Brien, AECOM and APTIM had a duty to properly vet, investigate, and oversee the subcontractors hired for the WOB Contract.

O'Reilly Plumbing and Construction, Inc. v. Lionsgate Disaster Relief, D.V.I. Case No. 1:19-Cv-0024
**FIRST AMENDED COMPLAINT**
Page 10

62. Defendants Witt O'Brien, AECOM and APTIM negligently hired and retained Lionsgate.

63. Defendants failed to properly investigate Lionsgate, failed to oversee its work, and failed to terminate Lionsgate when notified of its fraudulent invoices.

64. Defendants failure to exercise control over Lionsgate or terminate it when notified of its wrongdoing caused Plaintiff to lose income, his employees, and his contract.

65. As a result, Plaintiff suffered damages as alleged herein.

## COUNT II
### Intentional/Negligent Misrepresentation
### (as to Defendant Lionsgate)

66. The Plaintiff sets forth paragraphs 1 through 65 as if fully set forth herein.

67. Defendant, Lionsgate, defrauded Plaintiff by intentionally reducing the amount of materials delivered by Plaintiff on invoices submitted to APTIM, which had to be reviewed by Witt O'Brien, such that Plaintiff was only paid for about half of his total costs billed.

68. When Plaintiff complained to Lionsgate, Lionsgate retaliated against Plaintiff by unilaterally reducing his cost under the contract, and using its own employees to load the material, so as to better cover up its scheme.

69. Plaintiff continued performing under the contract believing the inaccuracy would be remedied and he would be paid.

70. Defendant, Lionsgate, intentionally refused to pay Plaintiff, fix the invoices, and intentionally caused Plaintiff damages.

71. As a result, Plaintiff has suffered damages as alleged herein.

O'Reilly Plumbing and Construction, Inc. v. Lionsgate Disaster Relief, D.V.I. Case No. 1:19-Cv-0024
**FIRST AMENDED COMPLAINT**
Page 11

## COUNT III
### Violation of 5 V.I.C. § 80
### (as to all Defendants)

72. The Plaintiff sets forth paragraphs 1 through 71 as if fully set forth herein.

73. Plaintiff is a V.I. taxpayer.

74. Defendants have improperly billed Virgin Islands Housing Finance Authority for work either not performed or improperly performed, thereby causing the wrongful disbursement of territorial funds.

75. Defendant, Witt O'Brien, AECOM and APTIM, have contracted with companies, such as Lionsgate who are not licensed to do business in the Virgin Islands Government, and who were wrongfully paid with territorial funds.

76. As a result, as a taxpayer, Plaintiff is entitled to review of funds due to Defendants, auditing of Defendants contracts and payments, collection of licensing fees, gross receipt taxes and other taxes from companies that Defendants contracted with that were not licensed to do business in the U.S. Virgin Islands, and refund of funds improperly paid to Defendants.

## COUNT IV
### Tortious Interference of Contract
### (as to Defendants WOB, APTIM, AECOM)

77. The Plaintiff sets forth paragraphs 1 through 76 as if fully set forth herein.

78. Defendants Witt O'Brien, APTIM and AECOM knew that Lionsgate had contracted with Plaintiff for materials to be delivered at a certain cost.

79. When Plaintiff complained that Lionsgate was engaging in fraudulent invoicing, Defendants Witt O'Brien, APTIM and AECOM first ratified Lionsgate's unilateral

reduction of Plaintiff's billing costs, and then APTIM took over Plaintiff's contract with Lionsgate.

80. Defendants Witt O'Brien, APTIM and AECOM interfered with Plaintiff's contract with Lionsgate.

81. As a result, Plaintiff suffered damages as alleged herein.

## COUNT V
## Breach of Contract
## (as to all Defendants)

82. The Plaintiff sets forth paragraphs 1 through 81 as if fully set forth herein.

83. Defendants contracted with Plaintiff.

84. Defendants breached that contract.

85. Plaintiff has suffered damages as alleged herein.

## COUNT VI
## Collusion
## (as to all Defendants)

86. The Plaintiff sets forth paragraphs 1 through 85 as if fully set forth herein.

87. In an apparent practice of manipulating invoices to pay less money to small subcontractors like Plaintiff, who were actually doing the brunt of the scope of work that the prime contractors AECOM and APTIM were hired to do, Defendants colluded with each other to deny Plaintiff money owed to him under his contract with Lionsgate and to decrease gross receipts taxes collected.

88. Defendants acted in concert to deny Plaintiff the ability to work with the Housing Repair program after taking away his employees

89. Defendants acted in concert to force Plaintiff off the job.

O'Reilly Plumbing and Construction, Inc. v. Lionsgate Disaster Relief, D.V.I. Case No. 1:19-Cv-0024
**FIRST AMENDED COMPLAINT**
Page 13

90. As a result, the Plaintiff has suffered damages as alleged herein.

## COUNT VII
### Fraudulent and/or Negligent Misrepresentation
### (as to all Defendants)

91. The Plaintiff sets forth paragraphs 1 through 90 as if fully set forth herein.

92. Defendant Lionsgate, with Witt O'Brien, AECOM and APTIM's approval, told Plaintiff that he would be earning a set sum for materials delivered, which Plaintiff relied upon in obtaining a lay down yard for the lumber, hiring seventeen workers to sort materials and do other jobs, and acquiring equipment to load and unload the lumber, which consisted of three fork lifts, and acquiring and cleaning a warehouse at Villa La Reine.

93. Defendants then refused to pay Plaintiff based on accurate billing but fixed the invoice to deny him his contracted amount.

94. Defendants actions in failing to remedy Plaintiff's complaints and the retaliation implemented immediately after Plaintiff complained clearly show that Defendants never had any intention of paying Plaintiff what they represented and ratified.

95. As a result, Plaintiff suffered damages.

   **WHEREFORE**, Plaintiff prays for damages as they may appear, compensatory and punitive and for pre and post judgment interest and for costs and fees and for payment due to the Government to be made and an audit of the activities of Defendants and for such other relief as this court deems fair and just.

O'Reilly Plumbing and Construction, Inc. v. Lionsgate Disaster Relief, D.V.I. Case No. 1:19-Cv-0024
**FIRST AMENDED COMPLAINT**
Page 14

                                       LEE J. ROHN AND ASSOCIATES, LLC
                                       Attorneys for Plaintiff

DATED:  November 3, 2020        BY:  /s/ *Lee J. Rohn*
                                         Lee J. Rohn, Esq.
                                         VI Bar No. 52
                                         1101 King Street
                                         Christiansted, St. Croix
                                         U.S. Virgin Islands 00820
                                         Telephone: (340) 778-8855
                                         lee@rohnlaw.com