**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| O'REILLY PLUMBING AND CONSTRUCTION, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LIONSGATE DISASTER RELIEF, LLC, )<br>WITT O'BRIEN, APTIM ENVIRONMENTAL )<br>AND INFRASTRUCTURE, INC., and )<br>AECOM, )<br>)<br>Defendants. )<br>) | Civil Action No. 2019-0024 |

**Appearances:**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
 *For Plaintiff*

**Lionsgate Disaster Relief, LLC,**
 *No Entry of Attorney Appearance*

**Adam G. Christian, Esq.,**
**Sofia L. Mitchell, Esq.,**
St. Thomas, U.S.V.I.
 *For Defendant Witt O'Brien*

**Alex M. Moskowitz, Esq.,**
**Lisa Michelle Komives, Esq.,**
St. Thomas, U.S.V.I.
 *For Defendant APTIM Environmental*
 *and Infrastructure, Inc.*

**G. Alan Teague, Esq.,**
**Michelle T. Meade, Esq.,**
St. Thomas, U.S.V.I.
 *For Defendant AECOM*

**ORDER**

THIS MATTER comes before the Court on Plaintiff's "First Amended Complaint" (Dkt. No. 72).

After this case was removed to the District Court of the Virgin Islands, Defendant Witt O'Brien's "Motion to Dismiss Complaint" (Dkt. No. 9), "Defendant Lionsgate Disaster Relief, LLC's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim" (Dkt. No. 17), and "Defendant AECOM's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (Dkt. No. 18) were filed. Plaintiff then filed its "First Amended Complaint" (Dkt. No. 27), which prompted the filing of "Defendant Witt O'Brien's, LLC's Motion to Strike First Amended Complaint" (Dkt. No. 32), "Defendant Lionsgate Disaster Relief, LLC's Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim" (Dkt. No. 30), and "Defendant AECOM's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)" (Dkt. No. 41). Magistrate Judge George W. Cannon, Jr. subsequently granted "Defendant Witt O'Brien's, LLC's Motion to Strike First Amended Complaint." (Dkt. No. 61). Plaintiff then filed a "Renewed Motion to Amend Complaint" (Dkt. No. 62), which the Magistrate Judge granted (Dkt. No. 71). After Plaintiff filed its "First Amended Complaint" (Dkt. No. 72), "Defendant AECOM's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)" (Dkt. No. 73) and "Defendant Witt O'Brien's, LLC's Motion to Dismiss First Amended Complaint" (Dkt. No. 75) were filed.

Plaintiff's "First Amended Complaint" (Dkt. No. 72), by operation of law, has become the operative pleading in this case. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (amended pleadings supersede the original pleading and renders the prior pleading a nullity). Thus, the Court will deny as moot Defendant Witt O'Brien's "Motion to Dismiss

2

Complaint" (Dkt. No. 9), "Defendant Lionsgate Disaster Relief, LLC's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim" (Dkt. No. 17), and "Defendant AECOM's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (Dkt. No. 18), which predated the now operative First Amended Complaint. *United States of Am. for the USE of Heavy Materials, LLC v. Tip Top Constr. Corp*, 2016 WL 2992116, at *8 n.16 (D.V.I. May 20, 2016) (holding that "[b]ecause the First Amended Complaint is the operative pleading in this case, the Court will deny as moot Defendant's Motion to Dismiss Plaintiff's Original Complaint"); *Josse v. United States*, 2013 WL 152170, at *1 n.1 (D.V.I. Jan. 11, 2013) (holding that "[i]n view of Plaintiff's filing of the Second Amended Complaint, the Court will deny as moot VIPA's Motion to Dismiss the First Amended Complaint.").

Plaintiff's stricken "First Amended Complaint" (Dkt. No. 27) and the now operative "First Amended Complaint" (Dkt. No. 72) are virtually identical. Thus, the Court will consider "Defendant Lionsgate Disaster Relief, LLC's Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim" (Dkt. No. 30)—which was filed in response to Plaintiff's stricken "First Amended Complaint" (Dkt. No. 27)—as being addressed to the operative "First Amended Complaint" (Dkt. No. 72). *See, e.g., Pettaway v. Nat'l Recovery Sols.*, LLC, 955 F.3d 299, 303-04 (2d Cir. 2020) ("[W]hen a plaintiff properly amends her complaint after defendant has filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint."); *Jordan v. City of Philadelphia*, 66 F. Supp. 2d 638, 641 n.1 (E.D. Pa. 1999) ("Defendants . . . 'are not required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as

being addressed to the amended pleading.'") (quoting 6 Charles A. Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 1476 (2nd ed. 1990)). Because Defendant AECOM has filed a Motion to Dismiss (Dkt. No. 73) directed at the now operative "First Amended Complaint," the Court will deny as moot Defendant AECOM's previous Motion to Dismiss (Dkt. No. 41) that addresses Plaintiff's stricken "First Amended Complaint" (Dkt. No. 27).

In view of the foregoing, it is hereby

**ORDERED** that Defendant Witt O'Brien's "Motion to Dismiss Complaint" (Dkt. No. 9) is **DENIED AS MOOT**; and it is further

**ORDERED** that "Defendant Lionsgate Disaster Relief, LLC's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim" (Dkt. No. 17) is **DENIED AS MOOT**; and it is further

**ORDERED** that "Defendant AECOM's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (Dkt. No. 18) is **DENIED AS MOOT**; and it is further

**ORDERED** that "Defendant AECOM's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)" (Dkt. No. 41) is **DENIED AS MOOT**; and it is further

**ORDERED** that the Court will consider "Defendant Lionsgate Disaster Relief, LLC's Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim" (Dkt. No. 30) as being addressed to Plaintiff's "First Amended Complaint" (Dkt. No. 72).

**SO ORDERED.**

Date: March 2, 2021 _____/s/_____
WILMA A. LEWIS
Chief Judge